

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | CASE NO. 1:09-CR-96 |
| DARRYL CLARENCE HARRIS | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On October 13, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Darryl Clarence Harris, on **Count 1** of the charging **Information** filed in this cause. Count 1 of the Information

1

charges that on or about March 1, 2005, in the Eastern District of Texas, Darryl Clarence Harris, hereinafter "Defendant", in the Eastern District of Texas, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain by false and fraudulent pretenses and representations, the money owned by or under the custody or control of a health care benefit program, in connection with the delivery of and payment for health care benefits program and services, to wit, the Texas Medicaid Program, a federally funded health care benefits program, by submitting or causing to be submitted a claim to the Texas Medicaid program for the performance of an "Affirm" test on March 1st, 2005, and said test was not actually conducted, in violation of Title 18, United States Code, Section 1347.

Defendant, Darryl Clarence Harris, entered a plea of guilty to Count I of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed

under seal.

  c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

  d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 1347.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Information and that the events described in the Information occurred in the Eastern District of Texas. The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits. The Government would

have offered testimony from various Medicaid Fraud Control Unit (MFCU) investigators, Federal Bureau of Investigation Agents, Medicaid administrators, records custodians, and recipients.

Specifically, the parties stipulated that the Government would prove the following facts, through the following evidence:

Records from the third party administrator for the Texas Medicaid program, Texas Medicaid and Healthcare Partnership (TMHP), would be introduced which establish that Darryl Clarence Harris, an Obstetrician/Gynecologist, operated an OB/GYN clinic under his name. Dr. Harris was enrolled in the Medicaid program from May 22nd, 2002 until the present, and during that time he submitted numerous claims to THMP for various services related to Obstetrics/Gynecology.

At trial, investigators would testify that Dr. Harris billed Medicaid for administering tests for Bacterial Vaginosis, Candida, and Trichomonas - three common vaginal infections. Dr. Harris used the Affirm VPIII Microbial Identification Test (Affirm) to test for these three infections. An Affirm test kit is needed to obtain a testing sample and Affirm testing equipment is needed to complete the procedure. At the end of February 2005, Dr. Joann Holder left Dr. Harris' practice and took the Affirm testing equipment with her. From March 1st, 2005 through November 3rd, 2005, Dr. Harris did not have access to Affirm equipment but continued to submit claims for the Affirm test. In 2005 Medicaid reimbursed $27.02 for each test of each infection, and Dr. Harris was fraudulently paid $41,421.66 by TMHP for such tests.

Like Dr. Holder, Dr. Ruby Holloway left the practice in February 2005. When she

left she took the office's only ultrasound machine. From March 2005 until August 2005 Dr. Harris submitted claims for 197 ultrasounds and was fraudulently paid $35,261.34 by TMHP for such test.

The total amount TMHP fraudulently paid to Dr. Harris as a result of the above billings was $76,683.00.

Defendant, Darryl Clarence Harris, also agreed with the facts set forth by the Government and signed the *Factual Basis and Stipulation.* Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Information** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that,

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;

Defendant, Darryl Clarence Harris, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 1347.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to

---

(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 18th day of October, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE